# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LAURA KRINSKY**, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | Judge |
| vs. | **COLLECTIVE ACTION COMPLAINT** |
| **MARRIOTT WORLDWIDE RESERVATION SERVICES, LLC**, | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Laura Krinsky ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Marriott Worldwide Reservation Services, LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Representative Plaintiff's claims occurred in this District and Division.

**PARTIES**

5. Representative Plaintiff is an adult individual residing in University Heights, Ohio, in Cuyahoga County.

6. Within the three years preceding the filing of this Action, Representative Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

7. At all relevant times, Representative Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

8. Defendant Marriott Worldwide Reservation Services, LLC is a for-profit Delaware limited liability corporation.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Representative Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Representative Plaintiff's written Consent to Join this Action is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

13. Within the last three years, Representative Plaintiff was employed by Defendant as a remote customer service representative, working from her home. In this role, Representative Plaintiff provided telephone-based customer service to customers of Marriott Hotels.

14. Other similarly situated employees were employed by Defendant as remote customer service representatives, and also provided telephone-based customer service to customers of Marriott Hotels.

15. While Defendant's titles for these employees varied somewhat, they all performed substantially similar primary job duties for Defendant – remote telephone-based customer service.

16. Representative Plaintiff and other similarly situated employees were classified by Defendants as non-exempt employees under the FLSA.

17. Representative Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

18. Representative Plaintiff and other similarly situated employees were paid on an hourly basis.

19. Representative Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems.

20. These systems and software applications included, but was not limited to, Microsoft Windows, a "virtual desktop" program called VMWare Horizon Client, a program that managed phone calls, a timekeeping program, and an email application.

21. Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

22. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

23. This process typically took approximately 15 minutes per day, assuming that there were no technical issues.

24. Defendant arbitrarily failed to count this work performed by Representative Plaintiff and other similarly-situated employees as "hours worked."

25. Representative Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

26. This unpaid work performed by Representative Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

27. There was no practical administrative difficulty of recording this unpaid work of Representative Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

28. Booting up their computers constituted the first principal activity of the workday for Representative Plaintiff and other similarly-situated employees. As such, under the continuous workday rule, Representative Plaintiff and other similarly-situated employees should have been paid from that time until they performed their last principal activity of the day.

29. This unpaid work performed by Representative Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30. Moreover, this unpaid work was an integral and indispensable part of the principal job activities performed by Representative Plaintiff and other similarly-situated employees. They could not perform their work without booting up and logging into Defendant's computer systems, applications, and phone systems.

31. Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly-situated inbound call-center representatives for starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

32. As a result of Representative Plaintiff and other similarly-situated employees not being paid for all hours worked, Representative Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

33. Defendant also required Representative Plaintiff and other similarly-situated employees to purchase internet access for their homes so that they could perform their job duties for Defendant.

34. Defendant specified the minimum speed and hardware requirements for the internet access that Representative Plaintiff and other similarly-situated employees were required to purchase.

35. The internet access Representative Plaintiff and other similarly-situated employees were required to purchase constitutes a "tool of the trade" which was to be used in or was specifically required for the performance of Defendant's particular work pursuant to 29 C.F.R. § 531.35.

36. Because Defendant did not reimburse Representative Plaintiff and other similarly-situated employees for purchasing this tool of the trade, the cost of the internet access

37. Defendant did not reimburse Representative Plaintiff and other similarly-situated employees for any part of the cost of the internet access. Accordingly, Defendant failed to include the cost of the internet access in the total amount of compensation that was owed to Representative Plaintiff and other similarly-situated employees, causing Representative Plaintiff and other similarly-situated employees to be paid less than one and one-half times their regular rate of pay for all hours they worked in excess of 40 hours each workweek.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

39. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former hourly, non-exempt remote telephone customer service employees of Marriott Worldwide Reservation Services LLC who worked 40 or more hours in any workweek during the three (3) years preceding the date of the filing of this Action to the present.**

40. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Representative Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Representative Plaintiff seeks to represent those other employees and are acting on behalf of their interests as well as her own in bringing this action.

41. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this

action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

42. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Representative Plaintiff and other similarly situated employees were not paid for time spent booting up their computers and logging in to the various software systems that were integral and indispensable to the performance of their primary duties.

44. Representative Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

45. Defendant's practice and policy of not paying Representative Plaintiff and other similarly situated employees for time spent booting up their computers and logging in to the various software systems that were integral and indispensable to the performance of their primary duties resulted in Defendant's failure to pay Representative Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

46. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

47. As a result of Defendant's practices and policies, Representative Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (FLSA Regular Rate Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates of pay.

50. Regular rate of pay is defined as "all remuneration for employment paid to, or on behalf of, the employee," with certain exceptions, none of which apply here. 29 U.S.C. § 207(e).

51. Defendant violated the FLSA by failing to include the cost of internet access paid by Representative Plaintiff and those similarly situated when calculating their regular rate of pay.

52. Defendant's practice and policy of not including all remuneration for employment paid to Plaintiff and those similarly situated when calculating their regular rate of pay caused them to receive less overtime compensation than they were entitled in violation of the FLSA.

53. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

54. As a result of Defendant's practices and policies, Representative Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE**, Representative Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the Opt-In Plaintiffs who join this case pursuant to 29 U.S.C. § 216(b);

C. Award Representative Plaintiff and the putative class actual damages for unpaid wages;

D. Award Representative Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Representative Plaintiff and the putative class;

E. Award Representative Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Representative Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Representative Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
Robi J. Baishnab (0086195)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone:   216-230-2955
Facsimile:   330-754-1430
Email:       jmoyle@ohlaborlaw.com
             rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs demands a trial by jury on all eligible claims and issues.

>*/s/ Jeffrey J. Moyle*
>Jeffrey J. Moyle
>*Counsel for Plaintiff*